10718.  PERKINS v. THE STATE.

A conviction of the offense of having possession of intoxicating liquor was
    authorized by the evidence.

                    DECIDED NOVEMBER 4, 1919.

Accusation of misdemeanor; from city court of Millen—Judge
Dekle.  June 2, 1919.

A deputy sheriff testified, that he broke the lock of the defend-
ant's smoke-house and discovered there a keg containing twenty
or thirty gallons of corn beer, and found also a bottle which he
smelled and which "had had moonshine liquor in it;" there was no
whisky in the bottle; "there may have been a drop or two." He
further testified: The beer "was intoxicating. It was ready for
the still; it was working and beading over the top, strong as I
ever saw. . . I did not taste this beer. I say this beer was
intoxicating because I have seen whisky run and I know when beer
is right to make. I have seen it made and I know corn beer will
make you drunk. I know that this corn beer would make you
drunk. When I poured this beer out corn, syrup, and water were
in it. It was pure corn, whole grain. I never noticed anything else
in it. I don't think there was any meal or mixture in it. Some
make it with corn and some with meal. I saw several bottles in
there and also some jugs. We did not examine all of them."
There was no other witness. The defendant, in his statement at
the trial, said he would not deny that the witness "found a barrel
with some syrup and corn in it; it was there in the barrel . .
fixed for feeding" his hogs; he had been feeding the hogs on it
for three months. "They said it would make you drunk;" he did
not know about that.

A. S. Anderson, E. G. Weathers, for plaintiff in error.
William Woodrum, solicitor, contra.

BLOODWORTH, J.  While the evidence in this case is rather
weak, the court cannot say as a matter of law that the verdict is
without evidence to support it.  "The verdict having been approved
by the trial judge, under the repeated and uniform rulings of this
court and of the Supreme Court, a reviewing court is powerless
to interfere.  When the verdict is apparently decidedly against
the weight of evidence, the trial judge has a wide discretion as to
granting or refusing a new trial; but, whenever there is any

evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State*, 21 *Ga. App.* 510 (94 S. E. 618), and citations.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*